**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1107, | ) ) ) | 3:16-cv-00476-HDM-WGC |
| Plaintiff, | ) ) | ORDER |
| vs. | ) ) ) | |
| NORTHEASTERN NEVADA REGIONAL HOSPITAL, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Before the court is defendant Northeastern Nevada Regional Hospital's ("NNRH") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 6). Plaintiff Service Employees International Union, Local 1107 ("Local 1107") responded (ECF No. 8) and NNRH replied (ECF No. 10).

**I.   Background**

Local 1107 and NNRH entered into a collective bargaining agreement ("CBA") on February 6, 2013, in which the parties agreed to resolve grievances pursuant to the grievance procedures listed in the CBA. On October 28, 2015, Local 1107 filed a grievance alleging that NNRH terminated Karla Dittrich without just cause.

1

The grievance was processed through the grievance procedure and NNRH denied the grievance on January 18, 2016.  The following day, on January 19, 2016, Local 1107 demanded arbitration as required under Step 4 of the grievance procedure.  On January 26, 2016, a Local 1107 representative began preparing a request to the Federal Mediation and Conciliation Service ("FMCS") for the panel of arbitrators, but was unable to complete the request that day due to difficulty with the payment processing.  The request for the panel of arbitrators was submitted on January 27, 2016.  NNRH subsequently refused to arbitrate the Dittrich grievance because the request to the FMCS was not processed timely.

On June 13, 2016, Local 1107 filed a complaint in the Fourth Judicial District Court, Elko County, Nevada, for declaratory relief and an order compelling arbitration of the Dittrich dispute.  The complaint requests that the court enter a declaratory judgment that Local 1107 met the time limit requirement in the CBA when it "presented" or "appealed" the grievance in notifying NNRH of its intent to proceed to arbitration and that its FMCS request is not "presenting" or "appealing" a grievance.  Alternatively, the complaint requests the court enter a declaratory judgement that Local 1107 substantially complied with the time requirements when it attempted to submit its FMCS request on January 26, 2016.  The case was removed on August 10, 2016, pursuant to federal question jurisdiction.

## II.  Standard

In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations.  *LSO, Ltd. v.*

2

*Stroh,* 205 F.3d 1146, 1150 (9th Cir. 2000).  The allegations of the complaint also must be construed in the light most favorable to the nonmoving party.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The court can grant the motion only if it is certain that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).

"[A] court may consider evidence on which a complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the . . . motion."  *Daniels-Hall v. Nat'l Educ. Ass'n.*, 629 F.3d 992, 998 (9th Cir. 2010).

## III. Argument

NNRH does not dispute that the Dittrich termination grievance arises under the terms of the CBA.  Rather, NNRH argues that Local 1107 does not have the right to arbitrate the grievance because the union failed to process the grievance within the requisite time limits established in the CBA.  NNRH recognizes that procedural issues are presumptively for the arbitrator to decide.  It argues, however, that Article 11.8 removes the question from the arbitration panel's jurisdiction.  Article 11.8 provides:

> Any grievance not presented or appealed within the time limits and in the manner provided in Section 2 hereof shall be deemed to have been settled or abandoned, is expressly excluded from arbitration, and shall not be presented to any arbitrator.

NNRH contends that on the basis of this provision the court is

3

required to consider the timeliness of the Local 1107's request

arbitration.  NNRH argues that Local 1107 failed to comply with the

time limits set forth in Step 4 of the grievance procedure.  Step 4

addresses the procedure for advancing a grievance to arbitration:

> If the grievance is not resolved at Step 3, the grievance
> may be referred to arbitration upon written request by
> the Union, which request must be made in writing to the
> Employer within fourteen (14) calendar days after receipt
> of the Employer's Step 3 answer.  In the event
> arbitration is requested, the Union will, within seven
> (7) calendar days after notice to the Hospital, submit to
> the Federal Mediation and Conciliation Service (FMCS) a
> completed form R-43 with a copy to the Employer,
> requesting that the Service furnish both parties with a
> panel of eleven (11) arbitrators having hospital
> arbitration experience.

Article 11.2.

Local 1107 had seven calendar days, until January 26, 2016, to

submit to FMCS a completed form R-43 with a copy to NNRH.  Because

Local 1107 did not complete the form until January 27, 2016, NNRH

argues that the grievance was "not presented or appealed within the

time limits" provided in Article 11.2.  Thus, NNRH argues that Local

1107 is not entitled to the relief it is seeking, an order requiring

NNRH to arbitrate the grievance, and moves to dismiss the complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6).

"'Procedural questions which grow out of the dispute and bear on

its final disposition' are presumptively not for the judge, but for

an arbitrator to decide." *Howsam v. Dean Witter Reynolds, Inc.*, 537

U.S. 79, 84 (2002) (citing *John Wiley & Sons, Inc. v. Livingston*, 376

U.S. 543, 557 (1964)).  Whether Local 1107 complied with the grievance

procedures set forth in the CBA is an issue of procedural

arbitrability to be decided by the arbitrator, not by the court. *John

Wiley & Sons*, 376 U.S. at 556 n. 11 (issue of timeliness is to be

4

decided by the arbitrator notwithstanding the provision stating "[t]he failure by either party to file the grievance within the [4-week] time limitation shall be construed and be deemed to be an abandonment of the grievance"); *United Food & Commercial Workers Union, Local 770 v. Geldin Meat Co.*, 13 F.3d 1365, 1368 (9th Cir. 1994) (quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960) ("[J]udicial inquiry . . . must be strictly confined to the question whether the reluctant party did agree to arbitrate."); *Hospital & Institutional Workers Union Local 250 v. Marshal Hale Memorial Hospital*, 647 F.2d 38, 40 (9th Cir. 1981) (holding that the contract interpretation necessary to resolve procedural questions is properly left to the arbitrator).

*Hospital & Institutional Workers Union Local 250 v. Marshal Hale Memorial Hospital*, 647 F.2d 38, 40 (9th Cir. 1981) is instructive as the hospital in that case argued that "the Union is foreclosed from demanding arbitration by its failure to comply with the contractual grievance procedure." In that case, the agreement provided that "[n]o grievance shall be presented to arbitration unless the demand for arbitration is presented by a party in writing to the other party within thirty (30) calendar days of the other party's final written response in Step 2 of the grievance procedure." *Id.* at 41. The Ninth Circuit held the issue of the alleged non-compliance with processing the claim under the agreement were procedural questions, and that "[t]he contract interpretation necessary to resolve these questions is properly left to the arbitrator." *Id.* at 41. Article 11.8 of the CBA, like the provisions cited in *Hospital & Institutional Workers Union Local 250*, does not overcome the presumption that procedural issues are for the arbitrator to decide because "it does not provide

explicit language demonstrating that the parties to the collective bargaining agreement did not intend the arbitration panel to have authority to decide issues of timeliness." *Goss Golden W. Sheet Metal,, Inc. v. Sheet Metal Workers Int'l Union, Local 104*, 933 F.2d 759, 764 (9th Cir. 1991).

Local 1107 stated a claim for which relief may be granted, namely that the court should compel arbitration under the CBA based on NNRH's alleged violations of the agreement.  Accordingly, defendant's motion to dismiss (ECF No. 6) is **DENIED.**

IT IS SO ORDERED.

DATED: This 5th day of January, 2017.

_____
UNITED STATES DISTRICT JUDGE